Opinion of the Court, by
Judge Owsley.
BY the consent of Dodge, who had conveyed various articles of personal property to Robbins, in trust, the property was exposed to public sale, by Robbins^ and *192 .Koll'ey became (he purchaser of part thereof!- arnótfnt-ing to the sum of seven hundred and eighty dollars and fifty cents. The whole of this sum, except one hundred dollars, part of the price of a piano forie purchased by Holley, by an agreement between Holley and Robbins, was applied as a credit upon an obligation for twen!y-two shares of stock in the Winchester CornnierJ cial Bank, which Holley held on Dodgh and Robbins, and for the one hundred dollars Robbins brought an action of assumpsit against Holley, and recovered judgment at law for fifty dollars, the one hundred dollars being reduced to that sum, on the trial, by setting off the price of a barrel of sugar which had been furnished Robbins by Holley.
Allegations ófthfe bill.
The judgment was afterwards assigned by Robbins to John Ward, for the purpose, as Robbins alleges, of indemnifying Ward for having been compelled to páy a note which was given by Robbins to the Winchester .Bank, and endorsed by Ward.
This bill in equity, with an injunction against the judgment at law, was then exhibited by Holley, in which he states that tile one hundred dollars, part of the price of the piano forte, as well as the amount of the other purchases made by him at the sale, was credited by him on the bond for stock in the Winchester Commercial Bank, which he held upon Dodge and Robbins, tog*-lher with fifty per centum advance upon the amount of his purchases, in pursuance to 'an agreement between him and Robbins to that effect, made at the time he purchased the property; that after he had credited the bond, the balance which remained unpaid was assigned by him to Ninian and Rezin Ridgew-ay, who thereupon brought suit against Dodge anfi Rob» bins, and after deducting the credit upon the bond, recovered judgment for the residue. Holley, moreover, alleges, that owing to the rigid and technical rules of law, he was not allowed to avail himself, in defence to the action at law, of the credit which he had given for the amount of the property purchased by him, or to set-off any portion of thebond for the stock, upon Dodge and Robbins, though he had barely assigned to the Ridgeways the residue of the bond, after giving credit: ihereoa for the entire amount of the properly which he purchased at the sale made by Robbins, and fifty per centum advance thereon. The Ridgeways, Ward, to *193 whom Robbins had assigned the judgment, and Dodge and Robbins, were all made defendants to the bill; and,' in the conclusion, Holley prayed for an injunction against the judgment, and that, on a final hearing, the interest which Holley held in the bond for stock, should be set-off against the judgment, Dodge and Robbins both being, as the hill states, insolvent, and Dodge residing out of the state, &,c.
Answers,
Publication ?Aain3t' 1,0 s<3‘
Beoree 0f circuit court-,
Robbins is admitted by the defendants, who answered in the court below, to be insolvent; but nothing is said in the answers, as to the insolvency of Dodge, and proof is required to’be made by Holley, of every allegation contained in his bill and not admitted.
Robbins denies the agreement betweeh him and Holley, as to the one hundred dollars, to be as alleged in the bill, and states that the sale was made of the property by him, for the purpose, in pari, of discharging a note for one thousand dollars, which he had give'n to (he Winchester Commercial Bank, and which was endorsed by his co-defendant, Ward, and that it was agreed between him and Holley, that if a sufficient sum should not be otherwise obtained from the sale.of the property, to pay the demand of the Winchester Commercial Bank, the one hundred dollars, part ofthe price ofthe pianoforte, should be paid by Holley, and not credited on the bond which he held on Robbins and Dodge for stock; and he alleges a sufficient sum has not been obtained for that purpose, and that he has at-signed the judgment to Ward, to enable him to make the payment, &c.
Ward professes to know nothing of the agreement alleged to have been made between Holley and Robbins, and puts Holley on the proof of the allegations'of his bill, &c.
An order of publication was obtained against Dodge, asa non-resident defendant; and upon proof of the publication being made, the bill, as to him, was taken for confessed; and, at the instance of Holley, the suit was discontinued as to the Ridgeways.
On a final hearing, the court belovs' decreed the hi-junction perpetual against the judgment at law, and ordered Robbins and Ward to pay costs. To reverse that decree, this writ of error is prosecuted by Ward and Robbins.
■(1) It is no ground tor the injunction ol'ajudg-moot in as-•:-':unpsit, that the promise recovered upon, had been performed before the action at law was nom-inen end, but the defence ■was excluded by technical rules.
(3) There must he a connexion between the demands, or some extra-neon» circumstance, to authorize a set-oiF in e-Eiuily.
(3) Publication against ono deiun-(Taut, is evi-(lonoc against the others that he-is ont of l,ho oomi-try.
Insolvency or hon-re.n-denco of the partios a gainst whom ill e sol-oiF is prayed, is, in the general, sufficient to authorize it.
(1) The principle is not discerned, upon which the decree of the court bplow can be sustained. If the agreement in relation to the one hundred dollars was in truth what H dley alleges it to be in his bill, he should unquestionably have employed the matter which he now'sels up in defence, to the action brought by Rob - bins at law, and cannot be permitted to assert it in a court of equity. He alleges in his bill, not only that the one hundred dollars, by an agreement between him and Robbins, made at the time of the purchase by him of the property, was to have been discharged by a credit of that much upon the bond which he held upon Dodge and Robbins for twenty-two shares of stock; but he, moreover, in pursuance to the agreement, has in fact given the .credit upon that bond; so that if in point of fact the allegations of the bill be true, the one hundred dollars must have 'been discharged before the action at law was commenced by Robbins, and, consequently, Holley might have defeated the recovery in that action, by proving the facts alleged on the trial at law.
(2) But, supposing that we are mistaken as to the construction we have put upon the allegations of the bill, and admitting that the allegations ought to be understood to contain a charge against Dodge and Robbins, of their being indebted to Holley the amount of the one hundred dollars and fifty per centum advance thereon, for that much, through mistake, credited upon the bond held by Holley on .Dodge and Robbins, /or slock, and afterwards assigned by him to the Ridge-ways; and admitting, also, that the application of Holley to a court of equity should be construed to he addressed to the chancellor to obtain so much of that charge to be set-off against the judgment, as might be equal to the amount of the judgment; still-the principle would not be perceived, upon which the decree making the set-off could be sustained.
Considered in that point of view, there would exist no such.connexiou between the two demands, as v.ould authorise a court; of equity to make the set-off, without drawing in aid extraneous circumstances, which are not shown to exist in the present case.
(3) ft is (rue, Robbins is admitted to be insolvent; and Dodge must, from th.e publication which was made' against him in the court below, be understood to be out: *195 of the country; and it will not be denied, but what tiloso facts are .sufficient, in Use genera!,* to warrant a court of equity in taking cognizance of a cause, for the purpose of setting off demands which, in consequence of their.lack of connexion, couid not otherwise be decreed in a court of equity.
Bilt where ialnst'wMoh the set-off is prayed, has appear'the insolvency or rhe'-tet cum'd before the assign-menC
.Monroe and WickUJrc, for plaintiffs; Hanson, for defendant.
But it should be recollected, that the judgment had been assigned by Robbins to Ward, before the commencement of this suit by. Holley; and to affect the equity so derived by Ward, the facts which gave Hoi-ley a right to go into equity, ought to be proved tohave existed .before Ward acquired his right; and, in this case, there, is nothing to show when Dodge left the state, or when Robbins became insolvent.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and the bill of Holley dismissed with costs and damages.